Vernon SCRIVNER and Josette
Scrivner, Relators,

v.

The Honorable Carolyn Day HOBSON,
Judge of the County Civil Court at Law
Number Three of Harris County, Texas,
Respondent.

No. 01–92–01011–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 25, 1993.

Dana Andrew LeJune, Jeff Nobles, Houston, for relators.

Joel Randal Sprott, Sally T. Miller, Houston, for respondent.

Before OLIVER–PARROTT, C.J., and HEDGES, JJ.

## OPINION ON MOTION FOR REHEARING

WILSON, Justice.

We have considered the motion for rehearing filed by the real parties in interest.

We now grant the motion and, without hearing oral argument, withdraw our opinion of January 28, 1993, and substitute the following opinion. Relators Vernon and Josette Scrivner, plaintiffs in the underlying lawsuit, seek relief from respondent's order of May 20, 1992, which grants defendants' motion for protection of documents sought by relators in the underlying lawsuit. Real parties in interest are Anthony Roisman and the law firm of Cohen, Milstein, Hausfeld & Toll, a partnership, and Anthony Roisman, Jerry S. Cohen, Herbert E. Milstein, Michael D. Hausfeld, Stephen J. Toll, Ann C. Yahner, and Lisa M. Mezzetti (collectively, Roisman), who are defendants, along with James and Ola Mae Synnott.

The Scrivners allege Roisman settled an environmental lawsuit without their authority, thereby committing legal malpractice. Roisman represented the Scrivners and 100 other families, including the Synotts, who sued corporations that allegedly caused or contributed to a toxic waste site known as the French Limited Site, in the cases styled *Whiddon et al. v. Reichhold Chemicals Co., et al.* and *Whiddon et al v. ARCO, et al.* The Scrivners contend that Roisman incorrectly calculated the value of their share of the settlement proceeds and impermissibly divided the share of the settlement attributable to their property with the prior land owners. They also claim Roisman fraudulently apportioned the settlement proceeds by paying certain landowners "bonuses."

In conjunction with the legal malpractice action, the Scrivners' attorney requested, by duces tecum to the deposition notice of Anthony Roisman, certain parts of Roisman's file, including information regarding the actual basis for calculations of the amounts due each plaintiff. Roisman objected and filed a motion for protection claiming the documents were not relevant to the claims asserted by the Scrivners, were privileged under Texas Rules of Civil Evidence 503, the attorney-client privilege, and were exempt from discovery under Texas Rules of Civil Procedure 166b(3)(a),

the attorney-work product privilege. He filed a motion for protection on these bases. Judge Hobson ordered the documents produced for in camera inspection and held a hearing on April 23, 1992. She signed Roisman's order for protection on May 20, 1992. The order provides, in pertinent part:

[B]ecause good cause has been shown ... the deponent is not required to produce any documents:

1) Relating to agreements between Anthony Z. Roisman and/or Cohen, Milstein, Hausfeld & Toll and Melvin and Margarette Whiddon, Mr. and Ms. Tony Spence, Mr. and Ms. Dave Shade, Mr. and Ms. Jake McCallister and Mr. and Ms. Wilbur Collins;

2) Used by Anthony Z. Roisman and/or Cohen, Milstein, Hausfeld & Toll to calculate the amount of money Melvin and Margarette Whiddon, Mr. and Ms. Tony Spence, Mr. and Ms. Dave Shade, Mr. and Ms. Jake McCallister and Mr. and Ms. Wilbur Collins were entitled to receive in the settlements with the Defendants in the case styled *Whiddon v. Arco* and *Whiddon v. Reichhold;* and

3) Relating to the settlements of Melvin and Margarette Whiddon, Mr. and Ms. Tony Spence, Mr. and Ms. Dave Shade, Mr. and Ms. Jake McCallister and Mr. and Ms. Wilbur Collins, including documents used to calculate said settlements.

The Scrivners maintain this order effectively makes their claim to recoup the allegedly misapplied funds impossible to prove. They assert 10 bases for relief by way of mandamus, including the following:

1. The documents sought by plaintiffs are not privileged because they concern the aggregate settlement of the underlying case.

2. The documents sought by plaintiffs do not fall within the attorney-client privilege because they do not contain advice given by the attorney to the client, nor do they concern secret information related to the attorney by the client.

3. The documents sought by plaintiffs fall within the crime-fraud exception to privilege found in Texas Rule of Civil Evidence 503(d)(1).

4. The documents sought by plaintiffs fall within the breach of duty by a lawyer exception to privilege found in Texas Rules of Civil Evidence 503(d)(3).

5. The documents sought by plaintiffs fall within the joint clients exception to privilege found in Texas Rules of Civil Evidence 503(d)(5).

6. The defendants are estopped from raising any privilege of the plaintiffs' former colitigants because they failed to raise that privilege against an attorney representing the minors in the underlying case.

7. The documents sought by plaintiffs fall within the "contents of settlement agreements" work product exception found in Texas Rules of Civil Procedure 166b(2)(f)(2).

8. Defendants waived their privilege claims by failure to plead, prove, and preserve the alleged privileges.

9. The trial court abused its discretion in granting protection to all of the documents because the defendants waived any exemption by having already produced documents showing their "mental processes, conclusions and/or legal theories."

10. The trial court abused its discretion by failing to order the defendants to produce redacted copies of the documents sought by the Scrivners, on motion for rehearing by the Scrivners.

Roisman argues that a remedy by way of writ of mandamus is improper because the trial court did not abuse its discretion in granting the protective order and that the Scrivners have other legal remedies. We granted relators' motion for leave to file petition for writ of mandamus and heard argument of the parties.

### Abuse of Discretion

■ Mandamus is a proper remedy only when the trial court has clearly abused its discretion, and the offended party has no other adequate remedy by law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). In the case of *Walker v.*

*Packer,* 827 S.W.2d 833 (Tex.1992), the Texas Supreme Court articulated the standard to which a litigant must be held in order to obtain a writ of mandamus in a discovery dispute. The court noted that the Rules of Civil Procedure require a "flexible approach to discovery." *Id.* 827 S.W.2d at 838. A party is afforded the opportunity to seek any information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* at 838–39; TEX.R.CIV.P. 166b(2)(a).

■■■■ . With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Walker,* 827 S.W.2d at 839. The relator's burden is to establish that the trial court could reasonably have reached only one decision. *Id.* at 840. A reviewing court cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id.*

Review of a trial court's determination of the legal principles controlling its ruling is afforded less deference. *Id.* "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Id.* The supreme court concluded that the trial court abuses its discretion if it fails to analyze or apply the law correctly. *Id.* We utilize this standard to determine whether the trial court correctly applied exceptions to the attorney-client privilege, as stated in the Texas Rules of Civil Evidence, to the documents in question.

### Exceptions to Privilege

To the extent the attorney-client or attorney-work product privileges apply to the documents in question, the Scrivners assert that the exceptions to the attorney-client privilege set forth in Texas Rules of Civil Evidence 503(d)(3) and 503(d)(5) allow discovery of the documents in this case. Rule 503(d) states, in pertinent part:

(d) **Exceptions.** There is no privilege under this rule:

(3) *Breach of duty by a lawyer or client.* As to a communication relevant to an issue of breach of duty by the lawyer to his client or by the client to his lawyer.

. . . .

(5) *Joint clients.* As to a communication relevant to a matter of common interest between or among two or more clients if the communication was made by any of them to a lawyer retained or consulted in common, when offered in an action between or among any of the clients.

TEX.R.CIV.EVID. 503(d)(3), (5). In the present action, James and Ola Mae Synnott, who were clients of Roisman for purposes of the aggregate settlement negotiations, are named defendants in the underlying suit in the trial court, along with Roisman.

### Joint Clients

■■■■ Where parties display mutual trust in a single attorney by placing their affairs in his hands, the attorney must disclose to the others all opinions, theories, or conclusions regarding the client's rights or position to other parties the attorney represented in the same matter. *Cousins v. State Farm Mut. Auto. Co.,* 258 So.2d 629, 636 (La.App.1972). With regard to the attorney-client privilege, the general rule is that, as between commonly represented clients, the privilege does not attach to matters that are of mutual interest. *See* TEX.R.CIV.EVID. 503(d)(5). Hence, it must be assumed that if litigation eventuates between the clients, the privilege will not protect any such communications, and the clients should be so advised. *Id. See, e.g.,* SUPREME COURT OF TEXAS, STATE BAR RULES art. X, § 9 (Texas Disciplinary Rules of Professional Conduct) Rule 1.07 comment 6 (1989) [hereinafter TEX.DISCIPLINARY RULES OF PROF.CONDUCT] (located in the pocket part for Volume 3 of the Texas Government Code in title 2, subtitle G app., following § 83.006 of the Government Code). The Rules of Professional Conduct expressly provide

A lawyer who represents two or more clients shall not participate in making an aggregate settlement of the claims of or against the clients ... unless each client has consented after consultation, including disclosure of the existence and nature of all the claims or pleas involved

and of the nature and extent of the participation of each person in the settlement.

TEX.DISCIPLINARY RULES OF PROF.CONDUCT 1.08(f) (1989).

■ The particular documents at issue in this case address matters of interest common to all the plaintiffs involved in the aggregate settlement. Where the attorney represents clients in obtaining an aggregate settlement for which no individual negotiations on behalf of any one client were undertaken by the attorney, the client's "file" becomes any and all documents pertaining to the case.

■ The attorney cannot, therefore, invoke the attorney-client privilege or attorney-work product privilege in all cases to shield documents from disclosure to the individual to whom the privilege belongs— the client. In the present case, we hold the exception to the attorney-client privilege and the attorney-work product privilege for representation of joint clients applies to the documents. TEX.R.CIV.EVID. 503(d)(5). In so holding, however, we do not deny Roisman or the other clients their right to assert that certain documents, or information contained in the file, are otherwise exempt or immune from discovery under other provision of the Rules of Civil Procedure, TEX. R.CIV.P. 166b(3)(b), (c), (d), (e), or are not calculated to lead to evidence relevant to the cause of action alleged. TEX.R.CIV.P. 166b(2)(a). We also reiterate that, under the Rules of Civil Procedure, the party seeking to shield the information from discovery must fully comply with rule 166b(4).

## Breach of Duty by Lawyer

■ The contents of the documents are relevant to claims of the Scrivners that the proceeds of the aggregate settlement were improperly and fraudulently distributed among the various plaintiffs in the environmental lawsuit. As such, we hold the exception to the attorney-client or attorney-work product privileges regarding breach of duty by a lawyer also permits discovery of the documents by the Scrivners. TEX. R.CIV.EVID. 503(d)(3).

We hold that Judge Hobson clearly abused her discretion in denying the Scrivners discovery of documents that come within exceptions to the attorney-client or attorney-work product privilege.

## Adequate Remedy at Law

■ We next determine whether the Scrivners met the second prong of the test for issuance of relief by way of mandamus, no adequate remedy by way of appeal. *Walker*, 827 S.W.2d at 840–44. The Scrivners assert that the trial court's order denying discovery of the requested documents effectively prevents them from proving their actual and punitive damages in their causes of action for negligence, gross negligence, violations of the Deceptive Trade Practices—Consumer Protection Act, breach of contract, breaches of fiduciary duties and good faith and fair dealing, and conversion. Roisman claims the Scrivners have other remedies, including moving forward with the deposition of Anthony Roisman, requesting the other clients to waive the privilege, or utilizing the discovery process against nonparties.

We hold that the trial court's order severely compromises the ability of the Scrivners to present their claims at trial. In preventing discovery of the requested documents, the trial court has effectively denied the Scrivners the opportunity to develop the merits of their case. *Id.* at 843. Denial of discovery of the documents goes to the heart of the Scrivner's case. As such, they have shown that an adequate remedy by way of appeal is not available.

## Conclusion

Based on our disposition of ground numbers one, four, and five, as asserted by relators, we conditionally grant the writ of mandamus and order Judge Hobson to vacate her order of May 20, 1992. We are confident Judge Hobson will comply with the order of this Court. The writ of mandamus will issue only if she fails to do so.