**Petition for Writ of Mandamus Denied and Majority Memorandum and Concurring Opinions filed October 6, 2011.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00408-CV

---

## IN RE LINDA HERNANDEZ, JOSE HERNANDEZ, JAVIER VASQUEZ, CLAUDIA GIL, RAUL VASQUEZ AND VIRGINIA VASQUEZ, Relator

---

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
212th District Court
Galveston County, Texas
Trial Court No. 09CV0348**

---

## MAJORITY MEMORANDUM OPINION

On May 9, 2011, relators Linda Hernandez, Jose Hernandez, Javier Vasquez, Claudia Gil, Raul Vasquez and Virginia Vasquez filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator ask this court to compel the Honorable Susan Criss, presiding judge of the 212th District Court of Galveston County to (1) vacate the order denying relators' motion to compel, and (2) vacate the order denying relators' motion for court order allowing experts and parties to reveal case specific details and settlements.

I

Relators Linda Hernandez, Jose Hernandez, Javier Vasquez, Claudia Gil, Raul Vasquez and Virginia Vasquez (hereinafter "Clients") filed suit against real parties in interest Abraham, Watkins, Nichols, Sorrels & Friend, Randall Sorrels, and Bernardino Agosto, Jr. (hereinafter collectively "Attorneys"). The Clients served various discovery requests on the Attorneys, and the Attorneys asserted various objections to these discovery requests. The Clients filed a motion to compel the Attorneys to respond to fourteen requests for production and six interrogatories (hereinafter collectively "Discovery Requests"). The Clients also filed a motion for a court order allowing experts and parties to reveal case-specific details and settlements (hereinafter "Motion for Court Order").

In connection with their suit, the Clients sought to discover[1], *inter alia*, (a) all documentation showing the amount of funds Abraham Watkins received on behalf of "their clients" (Request for Production 17); (b) mediation memoranda, settlement negotiations, "global settlement" documents, settlement communications and disposition of settlement funds, all pertaining not only to the Clients but also to other Abraham Watkins clients (Request for Production 18–21, 24, and 25); and (c) detailed information about settlements of the Attorneys' "joint clients" (Interrogatories 14–19). The Attorneys objected that all of the subject discovery was overly broad, vague, ambiguous; the Attorneys asserted that some of the requests were not reasonably calculated to lead to the discovery of admissible evidence and violated the attorney-client and attorney-work product privileges. Finally, the Attorneys asserted that their response to the discovery would violate a protective order entered on April 19, 2005 in the underlying BP litigation.

---

[1] Although relators sought extensive other discovery, only these matters remained in dispute at the time relators presented their motion to compel.

The Clients assert an exception to the attorney-client privilege in that Abraham Watkins' clients were represented jointly, and a global settlement was obtained on behalf of a larger group of clients without regard to each individual claim. *See* Tex. R. Evid.503. The Clients also assert the Attorneys waived the attorney-client privilege through the doctrines of offensive-use and disclosure to third parties.

On April 1, 2008, the Attorneys filed a petition in intervention for a declaratory judgment seeking a declaration that the Clients' claims violate the protective order. The Clients subsequently filed a legal malpractice action against the Attorneys alleging wrongful settlement. The two cases were consolidated.

In the trial court the Clients argued the documents were not privileged because the information sought was from joint clients in the BP litigation, and they did not violate the earlier protective order. The Clients further argued that the settlement agreements did not prohibit discovery because those agreements are relevant to the current case.

The trial court denied both of the Clients' motions. The trial court did not explicitly specify the objections upon which it based its denial of the Clients' motion to compel. The Clients have sought mandamus relief in this court, arguing that the trial court clearly abused its discretion by denying both of these motions.

II

Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). The burden of establishing an abuse of discretion and an inadequate appellate remedy is on the party resisting discovery, and this burden is a heavy one. *Canadian Helicopters, Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding). Mandamus relief may be justified when: (1) the appellate court would not be able to cure the trial court's discovery error,

3

such as when privileged information or trade secrets would be revealed or production of patently irrelevant or duplicative documents imposing a disproportionate burden on the producing party is ordered; (2) the party's ability to present a viable claim or defense is severely compromised or vitiated by the erroneous discovery ruling to the extent that it is effectively denied the ability to develop the merits of its case; or (3) the trial court's discovery order disallows discovery that cannot be made a part of the appellate record, thereby denying the reviewing court the ability to evaluate the effect of the trial court's error. *Colonial Pipeline*, 968 S.W.2d at 941, citing *Walker v. Packer*, 827 S.W.2d 833, 843–44 (Tex. 1992).

With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Walker*, 827 S.W.2d at 839. The relator's burden is to establish that the trial court could reasonably have reached only one decision. *Id.* at 840. A reviewing court cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id.*

Review of a trial court's determination of the legal principles controlling its ruling is afforded less deference. *Id.* "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Id.* We use this standard to determine whether the trial court correctly applied exceptions to the attorney-client privilege to the documents in question.

III

In their mandamus petition, the Clients extensively brief many of the discovery objections asserted by the Attorneys in response to the Discovery Requests. But, in their petition, the Clients neither challenge nor present argument with respect to one or more of the discovery objections asserted by the Attorneys as to each of the Discovery Requests. Even if this court were to conclude that the trial court abused its discretion by

4

sustaining all of the objections briefed by the Clients in their mandamus petition, this court still could not grant the requested relief unless the trial court also abused its discretion in sustaining the other discovery objections. *See In re Citizens Supporting Metro Solutions, Inc.*, No. 14-07-00190-CV, 2007 WL 4277850, at *4 (Tex. App.—Houston [14th Dist.] Oct. 18, 2007, orig. proceeding) (mem. op.). The Clients' mandamus petition does not contain any argument, analysis, record citations or legal authority in support of the proposition that the trial court clearly abused its discretion in sustaining at least one of the objections asserted by the Attorneys as to each of the Discovery Requests. See Tex. R. App. P. 52.3 (h) (stating that "[t]he petition must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record"); *In re Citizens Supporting Metro Solutions*, Inc., 2007 WL 4277850, at *4. Because the Clients have not shown that the trial court clearly abused its discretion by sustaining all of the Attorneys' objections as to any of the Discovery Requests, the Clients have not satisfied their burden of establishing their entitlement to mandamus relief regarding the trial court's denial of their Motion to Compel. *See In re Citizens Supporting Metro Solutions, Inc*., 2007 WL 4277850, at *4.

IV

Moreover, the Clients' discovery requests are overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

To show relevance, the Clients rely heavily on this court's opinion in *Elizondo v. Krist*, 338 S.W.3d 17 (Tex. App.—Houston [14th Dist.] 2010, pet. filed). In a case with very similar facts, Elizondo and his wife sued their lawyers alleging they did not receive an adequate settlement for their injuries resulting in the 2005 BP explosion. The trial court granted a no-evidence summary judgment in favor of Elizondos' lawyers and the Elizondos appealed. This court affirmed the summary judgment finding that Elizondo had not presented evidence of damages. In reaching that conclusion, this court stated,

5

Elizondo "could not identify anyone who obtained a larger settlement for similar claims, the amount of any other settlement received, or whether the settlements were for injuries like those he suffered." *Id.* at 23. The majority opinion noted that Elizondo sought to obtain discovery regarding "various documents relating to the BP settlements and, in response, the Lawyers asserted various objections." *Id.* at 22, n. 2. Unlike the instant case, however, the *Elizondo* opinion did not address the discovery dispute because it was not raised on appeal. *Id.*

In this mandamus, the Clients assert that they are entitled to discover documents relating to the BP settlements of other clients because, under this court's analysis in *Elizondo*, they cannot prove their damages unless they can show evidence of other clients receiving larger settlements for similar claims. The Attorneys respond that the other clients' settlement documents are privileged, and that the Clients have failed to show that the Attorneys represented similarly situated clients.

The Attorneys correctly point out that the Clients seek information about all of the Attorneys' BP clients. Moreover, the Clients concede that their claim for improper settlement depends upon a showing that "the Lawyers settled claims similar to those of the Clients for a higher amount." The Clients' discovery is not tailored to discover information about similarly situated clients — rather the Clients' discovery requests are directed to "joint clients."[2]

---

[2]We note that the Attorneys presented uncontroverted, admissible evidence that there was no aggregate settlement and all negotiations were individual based on each individual's circumstances; that the clients represented by Abraham Watkins were not "joint clients" in the litigation against BP; and that there was no sharing of clients' medical records, commingling of lost wage information, or global settlement. Thus, the trial court did not abuse its discretion in finding the joint client exception does not apply. *See Scrivner v. Hobson*, 854 S.W.2d 148, 151 (Tex. App.—Houston [1st Dist.] 1993, no writ).

The Texas Supreme Court has "repeatedly emphasized that discovery may not be used as a fishing expedition." *In re American Optical Corp.*, 988 S.W.2d 71, 73 (Tex. 1998). A trial court enjoys broad discretion in fashioning the breadth of discovery. *See Dillard Dep't Stores, Inc. v. Hall,* 909 S.W.2d 491, 492 (Tex. 1995). Where, as here, the request could have been more narrowly tailored to avoid including tenuous information and still obtain the necessary, pertinent information, we cannot say the trial court abused its discretion in determining that the requests are overbroad, if such was the basis for the decision. *In re American Optical Corp.*, 988 S.W.2d 71, 73 (Tex. 1998).

V

Though the Clients include the Motion for Court Order within the defined term "Requested Relief" that the Clients use throughout their mandamus petition, the Clients do not present any argument, analysis, or legal authority in support of the proposition that the trial court clearly abused its discretion by denying their Motion for Court Order. See Tex. R. App. P. 52.3 (h); *In re Citizens Supporting Metro Solutions, Inc.*, 2007 WL 4277850, at *4. The Clients have not satisfied their burden of establishing their entitlement to mandamus relief with respect to the trial court's denial of their Motion for Court Order. *See id.*

The Clients also argue that by denying the motion to compel and Motion for Court Order, the trial court violated the Clients' rights under (1) the Open Courts provision of the Texas Constitution, (2) the Due Course of Law provision of the Texas Constitution, and (3) the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Tex. Const. art. I, §§ 13,19; U.S. Const. amend. XIV, § 1. The Clients have not cited any case in which a court held that a trial court's discovery ruling violated a party's constitutional rights. The Clients' constitutional arguments lack merit.

7

## VI

With their response to the petition for writ of mandamus, the Attorneys filed a "Motion to Seal Certain Documents to be Submitted as Part of the Mandamus Record." As the court has determined that the Clients are not entitled to mandamus relief, the Attorneys' motion to file a sealed record is denied.

For the reasons stated above, we deny mandamus relief.


/s/    Sharon McCally
          Justice


Panel consists of Justices Frost, Jamison, and McCally.  (Frost, J., Concurring.)