**Opinion issued December 19, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-11-00178-CV

_____

**DAVID VUONG AND TOMMY T. NGUYEN, Appellants**

**V.**

**TAIWAI LUK, Appellee**

On Appeal from the 113th District Court
Harris County, Texas
Trial Court Case No. 2008-38471

## CONCURRING AND DISSENTING OPINION

Having considered his motion for en banc reconsideration, I respectfully dissent from the panel's opinion with respect to David Vuong. On reconsideration of the merits of his appeal, I would reverse the judgment as to him for legal

insufficiency of the evidence to support a malpractice claim against him with respect to appellee Taiwai Luk's damages under the lease. I believe that no attorney-client relationship was formed between Vuong and Luk as to the lease; the only attorney-client relationship formed was with respect to the creation of the Bill of Sale. I cannot impute liability to an attorney for losses sustained with regard to matters he was not engaged to handle. Therefore, I respectfully dissent.

## Legal Malpractice

### A. Law

Generally, to recover on a claim of legal malpractice, a plaintiff must prove that (1) the attorney owed the plaintiff a duty, (2) the attorney's negligent act or omission breached that duty, (3) the breach proximately caused the plaintiff's injury, and (4) the plaintiff suffered damages. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 112 (Tex. 2009); *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 496 (Tex. 1995); *Williams v. Briscoe*, 137 S.W3d 120, 124 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

An attorney-client relationship must exist before a duty arises. *Okorafor v. Jeffreys*, No. 01-07-00618-CV, 2009 WL 793750, at *8 (Tex. App.—Houston [1st Dist.] Mar. 26, 2009, no pet.) (mem. op.). An attorney-client relationship arises from a lawyer's agreement to render professional services to a client. *Greene's Pressure Treating & Rentals, Inc. v. Fulbright & Jaworski, L.L.P.*, 178 S.W.3d 40,

43 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *see Span Enters. v. Wood*, 274 S.W.3d 854, 858 (Tex. App.—Houston [1st Dist.] 2008, no pet.). The parties should clearly and expressly agree to the nature of the work to be done and the compensation to be paid. *Valls v. Johanson & Fairless, L.L.P.*, 314 S.W.3d 624, 633–34 (Tex. App.—Houston [14th Dist.] 2010, no pet.). There must be some manifestation that both parties intended to create an attorney-client relationship. *Id.* at 634. One party's mistaken belief is not by itself sufficient. *Id.*

Where parties display mutual trust in a single attorney by placing their affairs in his hands, the attorney must disclose to the others all opinions, theories, or conclusions regarding the client's rights or positions to other parties the attorney represented in the same matter. *Scrivner v. Hobson*, 854 S.W.2d 148, 151 (Tex. App.—Houston [1st Dist.] 1993, no writ).

**B.    Analysis**

I agree with the majority that Luk and Nguyen formed an attorney-client relationship with Vuong to create the Bill of Sale to transfer the restaurant to Luk. Nguyen and Luk went to the law office of Vuong for the purpose of having an attorney memorialize the agreement between the two of them. Therefore, it is clear that Luk and Nguyen had an attorney-client relationship with Vuong for that purpose. *See Greene's Pressure Treating & Rentals*, 178 S.W.3d at 43. As such,

3

Vuong owed a duty to both Nguyen and Luk concerning the Bill of Sale. *See Okorafor*, 2009 WL 793750, at *8.

However, there was no attorney-client relationship between Luk and Vuong in relation to the lease. Vuong asked Luk to hire him as counsel to assist with the lease, which could take weeks to accomplish. Luk refused this offer, claiming that he just wanted to take over the business within a matter of days. The parties agreed to the scope of the attorney-client relationship: that Vuong would draw up the Bill of Sale for the restaurant for $300 and nothing else. Therefore, Vuong did not have an attorney-client relationship with Luk concerning the assignment of the lease. *See Valls*, 314 S.W.3d at 633–34. As such, Vuong owed no duty to Luk with regard to the assignment of the lease. *See Okorafor*, 2009 WL 793750, at *8.

Both parties displayed mutual trust in Vuong by placing their affairs—i.e., the transfer of the restaurant—in his hands. Because of this, Vuong was required to disclose to both Luk and Nguyen all opinions, theories, or conclusions regarding their rights or positions to other parties he represented in the same matter. *See Scrivner*, 854 S.W.2d at 151. Vuong told Luk that he should contact the landlord concerning the lease. Vuong also stated that he would do that for Luk if he were to hire him as counsel. Luk refused. Both Luk and Nguyen assured Vuong that the landlord would agree to the assignment. Vuong informed Luk that the landlord could refuse the lease to Luk and that he should get an agreement in writing. Luk

4

chose not to do so. As such, I would hold that Vuong fulfilled his duty of disclosure to both Luk and Nguyen when he represented both of them in the drafting of the Bill of Sale.

The trial court's findings that Vuong breached the standard of care pertain to inaction regarding the lease. As I would hold that no attorney-client relationship concerning the lease existed, I would hold that Vuong owed no duties to Luk concerning the lease. Therefore, there can be no breach of Vuong's duties to Luk concerning the lease. *See Okorafor*, 2009 WL 793750, at *8.

Because I would find that Vuong owed no duty to Luk concerning the lease assignment, there can be no breach of duty and, therefore, no legal malpractice claim. *See Peeler*, 909 S.W.2d at 496. As such, I would not reach Vuong's second point of error.

I conclude that no rational trier of fact could find that Vuong breached his standard of care or duty in drafting the Bill of Sale for both Luk and Nguyen. I would hold that the trial court's findings regarding Luk's claim for legal malpractice against Vuong are not supported by legally sufficient evidence.

## Conclusion

Like the majority, I would overrule appellant Nguyen's issue that the evidence was insufficient to support the trial court's findings and conclusions as to Nguyen. However, I would sustain appellant Vuong's issue that the evidence was

5

insufficient to support the trial court's findings concerning legal malpractice. Therefore, I would affirm in part and reverse in part.


                                        Evelyn V. Keyes
                                        Justice

Panel consists of Justices Keyes, Massengale, and Brown.

Keyes, J., concurring in part and dissenting in part.